IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALAN CALDWELL, | ) |
|         Plaintiff, | ) |
| vs. | ) CASE NO. 3:06-0943 |
| | ) JUDGE KNOWLES |
| PAM FREEMAN, ET AL., | ) |
|         Defendants. | ) |

**REPORT AND RECOMMENDATION**

Judge Trauger has referred this matter to the undersigned "for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive Motions and report and recommendation on all dispositive Motions under 28 U.S.C. §636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), Fed. R. Civ. P." Docket No. 3.

This is a pro se, in forma pauperis action, filed by Plaintiff pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997(a) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff has sued Steve Graves, Sheriff of Coffee County, Pam Freeman, Captain and Administrator of the Sheriff's Department, and Karen Owen, employed as a nurse by the Coffee County Sheriff's Department. Plaintiff's claims relate to his incarceration in the Coffee County Jail in Manchester, Tennessee, after he apparently failed to pay child support and was sentenced to 30 days in jail. He raises several claims, including his treatment by other inmates, his exposure to secondhand cigarette smoke,

the quality of the food, and medical care.

Jurisdiction here is not founded solely on diversity of citizenship. Therefore, venue for the instant action is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff has not provided sufficient allegations in his Complaint to establish that venue is proper in the Middle District of Tennessee. At the same time, however, the Court is unable to conclude that venue is clearly improper in this district. While Defendants work in Coffee County, it is possible that one of them resides in the Middle District of Tennessee. If any Defendant resides in this District, venue would be proper.

Title 28 § 1404(a) of the United States Code provides as follows:

> **Change of venue**
> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

It is clear that the events or omissions giving rise to Plaintiff's claims occurred in Coffee County. Thus, this action could have been filed in the Eastern District of Tennessee, because Coffee County lies in the Winchester Division of the Eastern District of Tennessee. The Court notes that the County seat of Coffee County, Manchester, is approximately 26 miles from Winchester. It is, however, approximately 65 miles from Nashville.

For the foregoing reasons, the undersigned recommends that, for the convenience of the

parties and witnesses, and in the interest of justice, this action be transferred to the Winchester Division of the United States District Court for the Eastern District of Tennessee.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

_____
E. Clifton Knowles
United States Magistrate Judge

3